# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, In His Capacity as ) <br> Court-Appointed Receiver for Ronnie Gene ) <br> Wilson and Atlantic Bullion and Coin, Inc., ) <br> ) <br>                  Plaintiff, ) <br> v. ) <br> ) <br> Masterpiece Investments, Inc., ) <br> ) <br>                  Defendant. ) <br> _____ ) | Civil Action No. 8:14-cv-01073-JMC <br><br><br> **<u>ORDER AND OPINION</u>** |

     Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant action against Defendant Masterpiece Investments, Inc. ("Defendant"), to recover money from the Wilson-AB&C Ponzi scheme[1] used to purchase an investment interest in Defendant.  (ECF No. 1.)

     This matter is before the court as a result of Defendant's Motion to Reconsider and to Stay pursuant to 11 U.S.C. § 362.  (ECF No. 19.)  For the reasons set forth below, the court **GRANTS** Defendant's Motion to Reconsider and to Stay.

## I.    RELEVANT BACKGROUND TO PENDING MOTION

     Defendant is an Oregon corporation.  (ECF Nos. 1 at 3 ¶ 12 & 6 at 2 ¶ 13.)  On March 24,

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program."  <u>United States v. Wilson</u>, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012).  In <u>Wilson</u>, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent.  <u>Id.</u> at ECF No. 17 at 1.

2011, and July 20, 2011, Wilson-AB&C purchased approximately 3 million shares of Defendant in exchange for $500,000.00.  (Id. at 4 ¶¶ 20, 23.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendant on March 21, 2014, alleging violations of securities laws in an attempt to rescind the securities investment and recover the $500,000.00 in investment capital. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 44–9 ¶ 67.)  On August 10, 2015, the parties allegedly settled the matter.  (ECF Nos. 15 at 2, 15-1 & 15-2.)  Thereafter, Plaintiff filed a Motion to Enforce Settlement on September 28, 2015, which Motion was granted by Order of the court entered on December 8, 2015 (the "December Order").  (ECF Nos. 15, 17.)

On December 8, 2015, Defendant filed the instant, unopposed Motion seeking reconsideration of the December Order and to stay the case.  (ECF No. 19.)

## II.    JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the In Re Receiver, 8:12-CV-2078-JMC case and the underlying criminal case, United States v. Wilson, et al, 8:12-cr-00320[,]" cases in which the court has jurisdiction, "that it forms part of the underlying case or controversy."  (ECF No. 1 at 1 ¶ 3.)  Additionally, the court has jurisdiction over Plaintiff's claim for violation of securities laws as it arises under a law of the United States by way of the Federal Securities Act of 1933, 15 U.S.C. §§ 77a-77mm.  The court may properly hear Plaintiff's state law claims for rescission and violation of South Carolina securities laws based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).

### III.     LEGAL STANDARD

A.     Motions to Reconsider

A motion for reconsideration is generally raised via Rules 59 and 60 of the Federal Rules of Civil Procedure. Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . . , misrepresentation, or misconduct"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged"; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313.

B.     Motions to Stay

Generally, after a debtor files a bankruptcy petition, 11 U.S.C. § 362(a)(4) provides for an automatic stay of any attempts by creditors to collect on their claims against the debtor. Id.;

see also In re Constr. Supervision Servs., Inc., 753 F.3d 124, 126 (4th Cir. 2014).  Specifically, "creditors are automatically stayed from attempting to collect on claims against the debtor."  In re Constr., 753 F.3d at 127.  "In other words, the stay protects the bankruptcy estate from dismemberment via a creditor race to the courthouse in favor of a systematic and equitable asset distribution."  Id. (citation omitted).

## IV.    ANALYSIS

A.    Defendant's Arguments

In its Motion, Defendant asserts that it came under the protections of the automatic stay when it filed for bankruptcy on October 7, 2015.  (ECF No. 19 at 1.)  As a result, Defendant argues that the case was effectively stayed on October 7, 2015, and the court should vacate its December 8, 2015 Order enforcing settlement, which Order was filed 2 months after inception of the automatic stay.  (Id. at 2.)

B.    The Court's Review

The bankruptcy code provides that the filing of a petition for bankruptcy "operates as a stay . . . of . . . (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . (6) or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . ."  11 U.S.C. § 362(a).  By its terms, therefore, the automatic stay applies to the continuation of any action or proceeding commenced before the commencement of the bankruptcy proceedings.  As there is no doubt that the instant action was commenced before Defendant filed for bankruptcy, this court upon review finds that its entry of the December Order enforcing settlement was a barred continuation of the action.  E.g., Sanders v. Farina, 67 F. Supp.

3d 727, 729 (E.D. Va. 2014) ("There is no doubt that the scope of the stay under 11 U.S.C. § 362 is 'extremely broad,' as it is intended to prevent actions to collect from the debtor or acts that would threaten the debtor's estate. The stay (i) provides the debtor breathing space by stopping all collection efforts, harassment, and foreclosure actions and (ii) prevents the dissipation of a debtor's assets through multiple suits outside the bankruptcy process.") (internal and external citations omitted). Therefore, Defendant is entitled to the relief it requests in its Motion.

## V.    CONCLUSION

Upon careful consideration of Defendant's arguments and for the reasons set forth above, the court hereby **GRANTS** Defendant's Motion for Reconsideration and to Stay (ECF No. 19). The court **VACATES** its December 8, 2015 Order (ECF No. 17) for having been entered in violation of the automatic stay provision of the United States Bankruptcy Code at 11 U.S.C. § 362(a). Defendant is directed to file a status report within 14 days of the conclusion of the bankruptcy proceedings or any other event ending the stay.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 18, 2016
Columbia, South Carolina